Mr. Chief-Justice CaRTTER,
delivered the opinion of the court.
The defendant Hilton was brought into court in this case by a bill in chancery to respond to an indebtedness on account of the purchase of a lot upon which the Capital Hill Building Association had a deed of trust. He became the purchaser of the equity of redemption at a sale of the property, September 2,1872.
The only question in the case is as to his responsibility; to what extent and how it is qualified by the relations of the trust to the building association. We do not see fit in this case to determine the validity or invalidity of the inter 'partes relation of the stockholders to the building association. If they have mutually agreed upon terms' of association and accountability to each other, and the' disposition of their property, and that agreement is not against public policy, they have a right to do it. It is not a subject that is involved in the investigation, and we do not see lit to take it into account in deciding this case.
*110 Hilton never was engrafted into the association. He is to be treated upon the outside and as the purchaser of a piece of property liable to discharge a given indebtedness to the association, agreed to have been $1,809, at the time of the purchase, September 2, 1872, which he was to pay off in monthly instalments of $40 each. The association exercised the right, as they supposed, to treat him as the original debtor, i. e., credit one-half of his monthly payments to account of “ dues ” on stock, and the other half toward the liquidation of the indebtedness, according to the building association method of .accounting.
We think that, inasmuch as Hilton was a buyer of the property, and agreed to pay $1,800, the amount of the indebtedness that subsisted and was a lien upon it at the time of the purchase, we should treat him as a debtor chargeable with the payment of that sum with six per cent, interest. We cannot engraft him into this association as a stockholder. We have only power to give effect to that which he has done himself, or agreed to do.
The decree in this case will be the reversal of the decree below with directions to refer the case to the auditor to make a statement of the indebtedness upon the basis of $1,800, as the debt against the property at the time of the purchase by Hilton in 1872, charging him with the payment of that amount and interest to the time this suit began, less the amount paid by him from time to time as payments were made.
The case is remanded for that purpose.